### ISRAELITE HOUSE OF DAVID v. MURPHY.

District Court, S. D. New York.
May 23, 1934.

Lawrence Wiseman, of New York City (H. T. Dewhirst, of Benton Harbor, Mich., on the brief), for the motion.

Phillips, Mahoney, Leibell & Fielding, of New York City (Jeremiah T. Mahoney and William E. Goldman, both of New York City, of counsel), opposed.

WOOLSEY, District Judge.

This motion is granted; and the plaintiff may, on filing of a bond in such amount as I may fix after hearing counsel thereon, have an order providing for an injunction pendente lite preventing further unfair competition with its baseball team by the defendant.

I. This motion arises in a suit between an unincorporated religious and business association made up of citizens and residents of Michigan—by the law of which state it is allowed to sue under the name of Israelite House of David and to use the shorter title "House of David"—against a citizen and resident of Illinois. The necessary diversity of citizenship, therefore, exists and the amount involved is sufficient to give this court jurisdiction of the subject-matter.

The defendant Murphy, who was served with process in this district, has appeared generally herein and thus waived any question of venue.

The jurisdiction of this court over the defendant is, therefore, unassailable and the merits of the motion alone need to be considered.

II. I find in the case of National Circle, Daughters of Isabella v. National Order of Daughters of Isabella, 270 F. 723 (C. C. A. 2)—not cited to me by counsel for either party—the recognition of the plaintiff's right herein to protect itself in equity from the unauthorized and unfair use of its name by the defendant.

III. The papers before me show that for many years—at least for a period beginning some years before 1918—the plaintiff has maintained a baseball team which has traveled about the country and has played several hundred games each year with other professional and semiprofessional teams. The result has been a substantial income to the plaintiff.

One of the tenets of the plaintiff's religion is that male members of its sect shall wear beards and its baseball team has always conformed to this rule.

Although it is claimed that the plaintiff's ball team plays a sound game of baseball, it is fairly inferable that the most notable characteristic of the plaintiff's team is that the players wear beards, and that across the breast of the uniform of each player are the words "House of David."

The affidavits show that in 1929 the defendant Murphy commenced to maintain a bearded baseball team, whose members wore, without authority from plaintiff, uniforms with the words "House of David" on them.

The plaintiff shows also that in cities and towns where Murphy knew the plaintiff's team had games arranged, he has endeavored, in so far as he could, to book—and has often succeeded in booking—games for his team a few days ahead of the date set for the plaintiff's games, and thus, as it were, diluted the neighborhood's interest in seeing a bearded baseball team play ball.

In addition, the plaintiff states, in aggravation of its grievance, that the defendant's spurious team, posing as the "House of David" team, plays a game of baseball far inferior to the game played by the plaintiff's team, and thus injures the reputation of the plaintiff's team, and, consequently, its gate receipts.

IV. The plaintiff complains quite bitterly because the defendant's ball players are all required to wear beards like those of the plaintiff players.

From time immemorial, however, the wearing of beards has been in the public domain. In respect of matters within that domain all men have rights in common. Any man, therefore, if so minded, may—without being subject to any challenge, legal or equitable—not only grow such beard as he can, but purposely imitate another's facial shrubbery—even to the extent of following such topiary modification thereof as may have caught his fancy.

The plaintiff's rights herein, therefore, cannot be soundly based merely on the fact that the members of the defendant's team wear beards even if they are precisely like the beards of the plaintiff's team.

When, however, there is added to the wearing of beards by the defendant's baseball team, the unauthorized wearing of uniforms bearing the words "House of David," and that is accompanied by the booking of a

team so equipped with obvious intention of competing for gate receipts with the plaintiff's team, a mens rea on defendant's part is established, and it becomes clear beyond peradventure that the defendant is actuated by a desire not only unfairly to avail itself of the quaint appearance of the plaintiff's team, but to masquerade as the plaintiff's team and thus unfairly to compete with it.

V. Indeed, as I read the papers herein, it seems to me that the only defense seriously urged is alleged laches on the plaintiff's part. I find, however, that, having regard to all the circumstances here shown, the plaintiff had not been guilty of such acquiescence as should constitute laches barring the relief which it now seeks. Cf., National Circle, Daughters of Isabella v. National Order of Daughters of Isabella, 270 F.(2d) 723, 732 (C. C. A. 2), and cases there cited.

VI. The amount of the bond to be given by the plaintiff will be fixed at the time of the settlement of the order hereon.

Settle order on notice.