MITCHELL & WEBER, Inc., v. WILLIAMS-BRIDGE MILLS, Inc., et al.

District Court, S. D. New York. March 16, 1936.

George J. Beldock, of New York City (Lawrence Bloomgarden, of New York City, of counsel), for plaintiff.

Frances Kneitel, of New York City (Irving J. Mishkin, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The suit is brought under the Declaratory Judgment Act (Jud.Code, § 274d, 28 U.S.C.A. § 400). Motion is made for preliminary injunction. Whether the plaintiff is entitled to preliminary injunction is the matter for determination.

The bill shows that the plaintiff and the defendant Williamsbridge Mills are New York corporations, competitively engaged in the blouse business; that two design patents on styles of blouses were recently issued to the defendant Hyman, who gave an exclusive license under the patents to Williamsbridge Mills; that the plaintiff had made and sold blouses embodying these very designs long before Hyman filed applications for patent, to Hyman's own knowledge, and that both patents are void; that Williamsbridge Mills, though cognizant of the invalidity of the patents, is now sending letters to the plaintiff's customers, telling them that the plaintiff's blouses infringe the patents, to the plaintiff's irreparable injury. The relief asked is a decree (1) declaring that the defendants' patents are void and that the plaintiff has a right to continue manufacture of the blouses without interference from the defendants, and (2) restraining the defendants from representing to the plaintiff's customers that its blouses infringe the patents. Damages were also demanded originally, but this demand has been withdrawn.

The preliminary injunction asked for is to restrain the defendants pending suit from continuing to hold out to the plaintiff's customers that the plaintiff's products are infringements of patents and from continuing to threaten such customers with suits for infringement. The papers supporting the motion make it clear that months before Hyman applied for her patents the plaintiff made and sold blouses identical to the two patented designs and such blouses were being advertised and sold to the general public by retailers. Pictures of both blouses were published in advertisements appearing in newspapers of wide circulation and in magazines. All of these publicized pictures antedated the patent applications, and several of them were shown to have been inserted by the plaintiff's customers. The plaintiff also shows convincingly that it had sketches of the designs made and sent to department stores long before the patent applications were filed. Exhibits showing these advertisements and sketches are annexed to the moving papers.

The papers in opposition do not contradict any of these facts or defend the patents. An officer of Williamsbridge Mills asserts merely that the patents were taken out by Hyman, an employee, that Williamsbridge Mills "has no way of knowing the source of the designs," and that it acted in good faith. There is no affidavit from Hyman, the alleged inventor, although she is still in the employ of the Williamsbridge Mills.

The case for the plaintiff is an unusually strong one on the facts. The facts arrayed show that the patents are void beyond doubt, that the defendants must have known that they were void, and that the threats of infringement against the plaintiff's customers are made in bad faith. The single point pressed by the defendants is that the court has no power to give an injunction, either preliminary or final, against circularizing the plaintiff's customers, this being a claim of unfair competition and there being no diversity of citizenship.

■ It is quite true that in its injunctive aspect the bill savors somewhat of unfair competition, and that the motion for preliminary injunction also savors of unfair competition. It is also true that the federal courts, unless there be diversity of citizenship, have no jurisdiction of a suit for unfair competition. The rule holds even where the acts complained of are threats to sue under the patent law. American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987.

■ On the other hand, the bill in its other aspect, that for declaratory judgment, shows a case within the jurisdiction. A suit to have a patent declared void is one arising under the patent laws and is within the jurisdiction of the District Court, now that the Declaratory Judgment Act has furnished the necessary procedural machinery. Zenie Bros. v. Miskend, 10 F. Supp. 779 (D.C.N.Y.); Automotive Equipment v. Trico Products Corporation, 11 F. Supp. 292 (D.C.N.Y.); Lionel Corporation v. De Filippis, 11 F.Supp. 712 (D.C. N.Y.). See 45 Yale Law Journal, p. 160. So the point for decision is whether the court, possessing jurisdiction of the suit in so far as it is sought to have the defendants' patents adjudged void, may entertain also the feature of the suit involving unfair competition in the obtaining of the patents and the use made of them.

The law controlling this matter is laid down in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. The plaintiffs had a copyrighted play. They complained of a play produced by the defendants, as an infringement of the copyright and also as constituting unfair competition. There was no diversity of citizenship. It was held that the District Court had jurisdiction to decide the case on both claims. The rule was laid down that where two distinct grounds in support of a single cause of action are alleged in a bill, one of which presents a federal question substantial in character, the other being nonfederal, the District Court may retain the entire suit and decide all questions raised in it. The distinction was made between such a case and a case where a separate and distinct nonfederal cause of action was joined in the same pleading with a federal cause of action. In a case of the latter type, the court must dismiss the nonfederal cause of action for lack of jurisdiction. The Supreme Court pointed out that the bill before it charged the violation of a single right, the protection of the copyrighted play, and that it was the violation of this right that constituted the cause of action.

■ In this case, only one right of the plaintiff is involved, the right to sell its blouses. In presenting its case for declaratory judgment, it asks the court to declare that the right has not been cut off by the defendants' patents. In asking relief against unfair competition, it seeks to protect the same right against active molestation by the defendants. The same group of facts is involved in both branches of the bill—the plaintiff's prior manufacture, the taking out of patents by the defendants, the threats against the plaintiff's customers. The defendants say that the threats have nothing to do with the case for declaratory judgment, that the patents are good or bad without reference to the threats. This statement is not accurate; it is the threatening of customers that creates the present need for declaration of the rights of the parties, and without a need of declaration the bill for declaratory judgment would not withstand motion to dismiss. On the showing made by the papers before me, it is tolerably plain that the obtaining of patents and the correspondence with the plaintiff's customers were not isolated occurrences on the defendants' part, but were successive parts of a single plan concocted by them. I am of opinion that the plaintiff's cause of action is a single one with different grounds, within the rule of the Hurn Case, and that accordingly the court may entertain the entire suit. Cf. Southern Pacific Co. v. Van Hoosear, 72 F.(2d) 903, 911 (C.C. A.9); Climax Lock Co. v. Ajax Hardware Mfg. Co., 192 F. 126 (C.C.N.Y.).

The knitting together of the elements of the plaintiff's case is also evident from the fact that if the suit were one for declaratory judgment alone and if, after judgment declaring invalidity of the patents, the defendants were to persist in their present practices toward the plaintiff's customers, the plaintiff would have the supplementary remedy of injunction as a means of enforcing the declaration. In such case the plaintiff, if well advised, would not ask for injunction by independent bill; it would proceed by bill or petition ancillary to the original suit. The ground for injunction would not be a

cause of action separate and distinct from that originally pleaded; it would be the same cause of action, but with the necessity for additional relief shown.

If the defendants' contention were sustained. and the case on its injunctive branch thrown out, the plaintiff would have no adequate remedy for the wrong being done to it. On the facts shown, its right to conduct a lawful business is being seriously impaired by unjustifiable conduct of the defendants, the procurement of void patents and threats of patent suits against its customers. If the defendants' argument is sound, the plaintiff would bring suit in this court simply to have the patents declared void. At the conclusion of that suit the plaintiff might get the desired declaration of invalidity. Armed with that declaration the plaintiff might then go to the state court and commence suit there for unfair competition. Not until then would the plaintiff be in a position to get relief capable of enforcement. To compel a person with a just grievance to chase from court to court and to delay relief for years would be a reproach to the law. Suit for unfair competition in the state court in the first instance would be hazardous. The validity of the patents could not be tried there. With the validity of the patents granted, the plaintiff would be handicapped in proving that the defendants' threats of suit were made in bad faith, the patents being too recent to warrant a finding that the defendants never intended to follow up the threats. See Adriance Platt & Co. v. National Harrow Co., 121 F. 827 (C.C.A.2); Racine Paper Goods Co. v. Dittgen, 171 F. 631 (C.C.A. 7).

In Zenie Bros. v. Miskend, supra, the bill set up unfair competition as a separate and distinct cause of action. That cause was dismissed for lack of jurisdiction. Here the plaintiff's case is pleaded as a single cause of action and in my opinion the facts alleged may properly be viewed as pleadable in a single cause of action.

There are no procedural difficulties with the bill. The Declaratory Judgment Act provides that suit may be brought to declare rights "whether or not further relief is or could be prayed." The joinder of prayer for declaratory relief and prayer for injunction is proper, and bills so framed have been entertained. Black v. Little, 8 F.Supp. 867 (D.C.Mich.); Vogt

& Sons v. Rothensies, 11 F.Supp. 225 (D. C.Pa.); Lake Erie Provision Co. v. Moore, 11 F.Supp. 522 (D.C.Ohio).

There being jurisdiction to entertain the bill both as to declaratory judgment and as to final injunction, there is jurisdiction to entertain the motion for a preliminary injunction of the same tenor as the final injunction asked for. I am mindful that it takes a strong case on the facts to justify issuance of preliminary injunction of the sort sought here, but the plaintiff's showing of merits and of irreparable injury is a strong one. On the facts now before the court, it is difficult to conceive how the plaintiff can fail on final hearing. The motion will be granted and preliminary injunction issued, the plaintiff to furnish bond in the sum of $2,000. Settle order on two days' notice.