## ATKINS et al. v. GORDON.
### No. 5849.

Circuit Court of Appeals, Seventh Circuit.
Nov. 30, 1936.

Brayton G. Richards and Irving Greenfield, both of Chicago, Ill., for appellants.

Harold A. Fein, Henry Blech, and Alvin Stein, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal involves the validity and infringement of patent No. 1,945,110, issued January 30, 1934. It covers an ear protector. The single claim reads as follows:

"An article of the character described comprising a band terminating in enlarged portions, the enlarged portions being slitted, with the adjacent portions of the

slit lapped and secured together to form such enlarged portions in approximate cone shape, *the lapped portions forming a pocket,* and a securing strip for the article with its terminals secured in said pockets."

The defenses are invalidity of the patent and its non-infringement by appellants' ear muffs.

*Non-infringement.* Appellee argues for a liberal range of equivalents, while appellants insist upon a strict construction of the language of the single claim. In support of their position appellants call attention to the action taken in the Patent Office which in our opinion determines the question adversely to appellee.

The file wrapper shows that when the application was first presented, it contained eight claims. The Examiner rejected all claims. He said:

"It would not require invention to make the cupped ear portions of the ear protector of Basch by slitting and overlapping a part of the ear covering portion on itself in the manner shown in Rodgers."

Meeting this objection the applicant, through his attorney, said:

" * * * it is respectfully pointed out that for ear protectors it is essential that the enlarged portions fit snugly around the ears to prevent air from blowing into the ears, whereby a layer of warm air is maintained around the ears.

"Neither the patent to Rodgers nor the patent to Basch teaches this particular feature, nor does the patent to Frieland anticipate the invention, because the provisions of pockets for protecting the breasts is not a problem which is identical with the problem involving the present invention. The claims have been amended to bring out the fact that a snug fit is provided at the periphery of the ear muffs.

"The application is limited to this feature and under these circumstances reconsideration of the invention is respectfully requested."

The Examiner wrote that the claims were for a second and final time rejected, whereupon an amendment was introduced and the claim in question was inserted. Discussing this claim reference was made to an oral interview with the Examiner and the applicant stated in his letter to the Commissioner:

" * * * The novelty of the claim resides in the particular formation of slitting the particular portions, lapping the adjacent portions to make a conical formation, and utilizing these secured lapped parts, without other change or variation as pockets for the ends of the elastic band. This insures that the band will always be secured at the proper points, for the pockets may be formed accordingly, and further avoids any projecting portions which would otherwise result from the securing of the ends of the strip on the outer or inner surface of the ear cover."

Having thus secured the patent upon a narrow and specific claim after rejection of broader claims and upon a showing of applicant's assertion that the novelty was thus limited, patentee cannot now successfully assert that which was by him repudiated in order to secure the allowance of his patent.

Appellants' ear muffs are quite similar in appearance to those shown in the patent. We cannot, however, determine infringement by similarity in appearance alone. The patent monopoly covered a product, and the length and breadth of the monopoly must be determined by the elements which comprise the combination described in the claim. It is not a question of a somewhat similar article or the use of somewhat similar means or elements. There must be the use of the elements described or their mechanical equivalents.

One may legitimately study the patent and microscopically examine the language of the claim in order to make a product which will serve the same purpose and yet avoid infringement of the patent. Such a right is the logical, beneficial result which was sought through the adoption of the comprehensive patent system of our government. Protection to him who acquired a valid patent was assured, but the validity of the patent depended upon the applicant's describing and clearly setting forth his invention. This clear disclosure was the consideration for which the public granted a monopoly. The disclosure made it possible for others to make different and better products. It inspired others with a desire to meet in competition the article covered by the patent without infringing the patent.

Appellants were not barred from making ear muffs simply because appellee acquired a patent on a certain kind of ear muff. They were at liberty to examine

appellee's ear muffs and his patent to ascertain its length and breadth. Likewise, they could examine the prior art to ascertain what range of equivalents should be given to the various elements set forth in the claim. If they could make ear muffs without utilizing one of the elements of the claim, they were perfectly free so to do. Whether it was done deliberately or accidentally, with the patent before them or otherwise, is quite immaterial. The question is, Did their ear muffs infringe the claim in question?

The foregoing discussion of the file wrapper disclosing what Gordon said when he sought his patent is merely to emphasize the necessity of providing the ear muffs with the different elements set forth in his claim and to necessitate our giving to the elements of the claim a narrow range of equivalents.

In appellants' ear muffs we do not find the pocket as is described in the claim. Nor do their ear muffs have a securing strip for the article *with its terminals secured in said pockets.* Their ear muffs do not therefore infringe.

As further ground for reversal, we are of the opinion that the single claim of the patent is invalid for want of patentable novelty.

It is unnecessary to discuss the unfair trade method charges, for in view of the residence of the parties in the same state, the Federal court's jurisdiction is dependent upon appellee's sustaining the patent infringement charge of the complaint.

The decree is reversed with directions to dismiss the bill.