## DAVIES v. COLUMBIA PICTURES CORPORATION OF CALIFORNIA, Limited, et al.

District Court, S. D. New York.

Aug. 10, 1937.

Riegelman, Hess & Hirsch, of New York City, for complainant.

Schwartz & Frohlich, of New York City (Louis D. Frohlich and Herman Finkelstein, both of New York City, of counsel), for defendants.

KNOX, District Judge.

This is a motion to strike out certain paragraphs of the complaint for the reasons that such portions " * * * are insufficient in law, irrelevant, frivolous, not material to the cause of action set forth in the complaint, and that this Court has no jurisdiction over the subject matter of said allegations. * * * "

The complaint alleges that in 1929 the complainant wrote and copyrighted an original drama entitled "The Fly From the Ointment" and that in 1931 "the complainant revised said play and that the said revised play was, in substance and form, similar to the play copyrighted by the complainant under the title 'The Fly From the Ointment.'" The complaint further alleges that defendant produced a photoplay entitled "Alibi for Murder," containing fundamental parts of the revised version of plantiff's play.

Defendants' motion is directed to those allegations relating to the revised version. The contention is that, since such allegations pertain to an uncopyrighted literary work, the matters therein are not within the jurisdiction of this court. This argument is based on Hurn v. Oursler, 289 U. S. 238, 53 S.Ct. 586, 590, 77 L.Ed. 1148, where the court said: "The bill as amended, although badly drawn, sets forth facts alleged to be in violation of two distinct rights, namely, the right to the protection of the copyrighted play, and the right to the protection of the uncopyrighted play. From these averments two separate and distinct causes of action resulted, one arising under a law of the United States, and the other arising under general law. For reasons that have already been made manifest, the latter is entirely outside the federal jurisdiction and subject to dismissal at any stage of the case."

Plaintiff herein attempts to evade the obstacle set up by Hurn v. Oursler by asserting that the changes in the original were minor and insubstantial and therefore within the protection of the copyright. I have examined as much of the record in Hurn v. Oursler as was filed in the District Court and in the Circuit Court of Appeals (61 F.(2d) 1031), but I have not found therein any disclosure of the nature of the revision. However, as I view the state of the law, I am satisfied that the quantum of the revision is not material.

In Lawrence v. Dana, 15 Fed.Cas. p. 26, 52, No. 8,136, the facts of which are so complicated that restatement would be an unnecessary expenditure of time, Mr. Justice Clifford said:

"Subsequent editions without alterations or additions should have the same entry, because they find their only protection in the original copyright; but second or subsequent additions, with notes or other improvements, are new books, within the meaning of the copyright acts. * * * Copyrights, like letters-patent, afford no protection to what was not in existence at the time when they were granted. Improvements in an invention not made when the original letters-patent were issued, are not protected by the letters-patent, nor are the improvements in a book not made or composed when the printed copy of the book was deposited and the title thereof recorded as required in section 4 of the copyright act. Protection is afforded by virtue of a copyright of a book, if duly granted, to all the matter which the book contained when the printed copy of the same was deposited in the office of the clerk of the district court, as required by section 4 of the copyright act; but new matter made or composed afterwards, requires a new copyright, and if none is taken out, the matter becomes public property, just as the original book would have

become if a copyright for it had never been secured."

By way of contrast, we have the statement of Judge Longyear in Farmer v. Calvert Lithographing Company, 8 Fed.Cas. p. 1022, 1025, No. 4,651: "As to the alterations and additions alleged in the answer to have been made to the map of 1865 in the map of 1867, there are none specified except as to the railroad system of Wisconsin, and that is not alleged except inferentially, at least, by reference to the map itself. The edition of 1865, not having been made an exhibit, and not being before me, I am unable to determine whether any and what alterations and additions were made, and, of course, whether such alterations and additions are of such a character in kind and extent as to make the map of 1867 an original map, and so deprive it of the protection of the copyright of the map of 1865. This can be determined only after the proofs are all in. For the purposes of this motion, the map of 1867 must be deemed an edition of that of 1865, as alleged in the bill, and therefore protected by the copyright of the latter."

Regardless of the merits of the two positions, the law in this circuit is as stated by Mr. Justice Clifford. In West Publishing Company v. Edward Thompson Company (C.C.A.) 176 F. 833, 835, the court quoted the above statement from Lawrence v. Dana, and said:

"It would certainly be fair to authors and to the public if improvements of and additions to a copyrighted book should be regarded as mere incidents of the original work covered by the original copyright, so that notice of it only need be given. In this way the public would be relieved of the burden and risk of ascertaining the time at which the copyright of the original work and the copyright of the additions, respectively, expired. No new copyright of the same book because of alterations or additions apparently was contemplated by section 4959. * * * Still, Mr. Justice Clifford at Circuit in the leading case of Lawrence v. Dana, Fed.Cas. No. 8,136, 4 Cliff. 1, while holding that there could be but one copyright, treated subsequent editions with notes or improvements as new books subject to copyright, and held that the notice to be printed in them should be of the date of entry of the improved edition without any reference to the date of original entry. * * *

"Section 6 of the act of 1909 (Act March 4, 1909, c. 320, 35 Stat. 1077 (U.S. Comp.St.Supp.1909, p. 1291 [17 U.S.C.A. § 6]), which is obviously declaratory, seems to confirm Justice Clifford's view that there is but one copyright of the same book, that additions and improvements make a new book, and that the only notice required is of the date of entry of the last edition."

It follows that uncopyrighted variations cannot be utilized in a suit in which jurisdiction is predicated on the copyright laws. Hurn v. Oursler, supra. In the prosecution of this action, plaintiff must depend solely upon the copyright and the copyrighted version. Any changes in the play after copyright are mere surplusage in a complaint and must be stricken.