## LEWIS v. VENDOME BAGS, Inc.
### No. 76.

Circuit Court of Appeals, Second Circuit.
Dec. 11, 1939.

Writ of Certiorari Denied Feb. 5, 1940.
See 308 U.S. ——, 60 S.Ct. 514, 84 L.Ed. ——.

CLARK, Circuit Judge, dissenting.

———

H. L. Burkitt, of New York City, for appellant.

Walter A. Darby, of New York City (J. Howard Carter, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This appeal involves the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and its application to the facts at bar. Both plaintiff and de-

fendant were citizens of the same state; federal jurisdiction rests on the ground that the charge of patent infringement raised a federal question. The bill of complaint charged infringement of the plaintiff's design patent #101, 880 and also unfair competition with the plaintiff's business of manufacturing and selling handbags alleged to be of the patented design. The district judge made findings of fact and law to the effect that the defendant's bag did not infringe the patent in suit, but was a copy of the plaintiff's commercial bag, exhibit 3, which also differed from the patented design to such an extent as not to be protected by the patent; that in copying exhibit 3 the defendant had unfairly competed with the plaintiff, and as the final conclusion of law, that

"The unfair competition arises from the same facts before the Court on the infringement of the patent claim and the Court has jurisdiction over the unfair competition claim though infringement has not been proved."

The decree permanently enjoined the defendant from manufacturing or selling bags embodying the design employed by the plaintiff in exhibit 3, and ordered an accounting of the profits received by the defendant by reason of its acts of unfair competition.

 Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, as a majority of the court understands the decision, requires a reversal of the decree on appeal. In that case the amended bill of complaint charged the defendant with three wrongs: (1) infringement of a copyrighted play of the plaintiff; (2) unfair competition with the copyrighted play; and (3) unfair competition with an uncopyrighted revision of the plaintiff's play. The district court dismissed the bill on the merits in so far as grounded on copyright infringement, and for want of jurisdiction in so far as grounded on unfair competition. This court affirmed the decree in 2 Cir., 61 F.2d 1031. The Supreme Court modified it. It held that the federal question raised by the charge of copyright infringement gave the district court jurisdiction of the case; that rejection of the federal claim on the merits did not deprive the court of jurisdiction to decide the claim of unfair competition in respect to the copyrighted play, and that this claim should also have been dismissed on the merits; it affirmed the decree in so far as it dismissed for want of jurisdiction

the claim of unfair competition in respect to the uncopyrighted revision of the plaintiff's play, since this was a separate and distinct non-federal cause of action. In the case at bar the allegations of the bill definitely limit the bags of the plaintiff's manufacture in respect to which unfair competition is charged, to bags embodying the patented design. Hence, the court had jurisdiction of the case, because the allegation of patent infringement raised a federal question and the charge of unfair competition in respect to bags of the patented design was, so far as appears, made in good faith. But the latter charge was not proved. What was proved was unfair competition with bags not embodying the patented design—at least, so we must assume, for the proof has not been incorporated in the record, only the findings. Consequently the findings of fact and the decree are not supported by the allegations of the complaint regarding unfair competition; and the complaint should have been dismissed for failure to prove the unfair competition alleged. It is like the failure of proof in Hurn v. Oursler, 289 U.S. 238, at page 247, 53 S.Ct. 586, at page 590, 77 L.Ed. 1148, where Mr. Justice Sutherland said:

"It is entirely plain that the holding of the trial court disposing of the claim of infringement on the merits also disposed of the claim of unfair competition in respect of the copyrighted play, since both depended upon the same allegations of wrongful appropriation of certain parts of, and conceptions embodied in, petitioners' play. The finding of the court is comprehensive— 'That no version of the defendants' play "The Spider" infringed in any way, either with respect to plot, material, arrangement or sequence of events, or incidents, or otherwise, the plaintiffs' copyrighted play.' This finding—not challenged here—contains every essential element necessary to justify the conclusion that there was likewise no unfair competition in respect of the copyrighted play, since it negatives the allegations of the bill made for the purpose of establishing by the same facts an infringement of the copyrighted play and unfair competition in relation thereto."

 While usually a variance between pleading and proof may be corrected by an amendment to conform the bill to the proof, this, we think, is not permissible where the effect of the amendment is to allege a cause of action beyond the jurisdiction of the court. Had the plaintiff pleaded the facts

developed upon the trial, the bail would have charged (1) infringement of the patent and (2) unfair competition in respect to bags of an unpatented design. The latter charge sets up a separate, distinct and non-federal cause of action, as did the claim of unfair competition in respect to the uncopyrighted revision of the plaintiff's play in Hurn v. Oursler, supra, 289 U.S. page 248, 53 S.Ct. 586, 77 L.Ed. 1148. In Atkins v. Gordon, 7 Cir., 86 F.2d 595, 597 the court refused to discuss the charge of unfair trade methods on the ground that since the parties were residents of the same state, "the Federal court's jurisdiction is dependent upon the appellee's sustaining the patent infringement charge of the complaint." See also In re Amtorg Trading Corp., Cust. & Pat. App., 75 F.2d 826, 834; Foster D. Snell, Inc. v. Potters, 2 Cir., 88 F.2d 611; Davies v. Columbia Pictures Corp., D.C.S. D.N.Y., 20 F.Supp. 809. Cf. Armstrong Co. v. Nu-Enamel Corp., 305 U.S. 315, 324, 59 S.Ct. 191, 83 L.Ed. 195; 4 Univ.Chi.L. Rev. 679, criticizing the Atkins decision.

But even if it be assumed that the court had jurisdiction to decide that the defendant competed unfairly with bags of the plaintiff which did not embody the patented design, the findings of fact are insufficient to sustain the decree. The plaintiff's name was stamped upon the lining of its bags; the defendant's bags bore no name. There are no findings, and no indication that there was any evidence, to the effect that the defendant palmed off its bags as the plaintiff's product, or that the design of exhibit 3 had become so associated with the plaintiff in the mind of the public as to acquire a secondary meaning and cause any bag of the same appearance to be ascribed to the plaintiff as the source of production. The essence of the wrong of unfair competition is selling the goods of one manufacturer or vendor as those of another, and unless the defendant passes off its goods as those of the plaintiff the action fails. Goodyear's Rubber Co. v. Goodyear Rubber Co., 128 U.S. 598, 604, 9 S.Ct. 166, 32 L.Ed. 535; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U.S. 118, 140, 25 S.Ct. 609, 49 L.Ed. 972. Merely copying an article unprotected by patent, copyright or trademark does not establish unfair competition, unless the article or its design has acquired a secondary meaning. Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 247 F. 299, 300; Cheney Bros. v. Doris Silk Corporation, 2 Cir., 35 F.2d 279; Krem-Ko

v. R. G. Miller & Sons, Inc., 2 Cir., 68 F. 2d 872; Sinko v. Snow-Craggs Corp., 7 Cir., 105 F.2d 450, 452. Nor does the fact that bags of the appearance of exhibit 3 have become popular as a result of the plaintiff's advertising make the defendant's duplication of them a tort. Kellogg Co. v. Nat. Biscuit Co., 305 U.S. 111, 122, 59 S. Ct. 109, 83 L.Ed. 73. Since the evidence is not before us and the findings of fact do not establish any passing off of the defendant's bags as those of the plaintiff's manufacture, we are of opinion that the decree should be reversed and the complaint dismissed. It is so ordered.

CLARK, Circuit Judge (dissenting).

The premise upon which the opinion herein rests for its denial of federal jurisdiction is the District Court's conclusion that plaintiff's bag "is not protected" by her patent. I suppose all will agree that a claim based upon a patent will not support federal jurisdiction over a claim based upon unfair competition with respect to an article entirely foreign to the patent. But I think that under the circumstances here disclosed, this holding of the court below may not be pressed that far. It is true that the findings upon which jurisdiction depends are rather meagre and the parties have not brought the testimony before us. Therefore I do not object to a return of the case to the District Court for more adequate findings on this point, as well as on the matter of unfair competition. A dismissal of the action, however, seems to me quite unjustified.

For the facts we do have before us show that the bag called for by the plaintiff's design patent and the bag actually manufactured by her are too nearly alike to make the plaintiff's claim of their interrelation either unfair or unjustified. Without the evidence one should not venture too far, but on the court's own findings it would seem fully as reasonable to conclude that the bag in question was produced under the patent and the patent was of doubtful validity as to decide that the bag did not embody the patent design. The patent is not defined in the application therefor other than as "the ornamental design for a handbag, as shown," and hence the real claims for it only appear from the two figures shown in the application, one that of the bag in an open position and the other that of the bag in a closed position. The finding below points out the differences between the bag

shown in those figures and the bag, Exhibit 3, which was in suit. The former has a covering of grained leather, a handle connected to the frame by movable links, and a triangular lock; the latter, a covering of ungrained leather, stationary handle posts, and a rectangular lock. Except for one detail, the interiors are the same with mirror and pockets for cigarettes, matches, compact, lipstick, and comb, together with one large utility pocket. In Exhibit 3 there is a purse affixed to the outside of the utility pocket; this is the sole difference inside the bags. As I read the cases these are too slight differences to show invention justifying a design patent which must disclose originality and invention similar to that of a utility patent. Nat Lewis Purses, Inc. v. Carole Bags, Inc., 2 Cir., 83 F.2d 475 (ladies' purse); Steffens v. Steiner, 2 Cir., 232 F. 862 (cigar bands); Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380 (square candle); A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98 (fruit juice extractor); 35 U.S.C.A. § 73. And if the differences are not enough for a separate design patent, I should think the bag properly came under the patent, whatever may be its validity.

I refer to these cases not as supporting any final adjudication on those points, but only to indicate how close the issues appear to me to be and how therefore they support the court's conclusion that "the unfair competition arises from the same facts before the Court on the infringement of the patent claim." And as the court concluded, that gives jurisdiction over the unfair competition claim, though infringement has not been proved. And since the questions are so closely interrelated I believe jurisdiction should be found whether we assign the bag, Exhibit 3, to the patent or not.

The opinion discusses the complaint and concludes that there was a variance between pleading and proof. That, I take it, is but another way of stating the conclusion that jurisdiction did not and could not exist because the bag was not covered by the patent. If it is more than this, if the problem is made one of pleading, it surely must be erroneous under modern conceptions of pleadings. For no longer are they required to state and hold to a particular theory; they need only set forth the operative facts, while it is for the courts to determine and apply the law. Consider the situation which faced the plaintiff when she found that defendant was copying her bags. When she sued, she naturally wished to preserve all her rights and make all her claims, that is, she wished to rely on her patent, but still seek recovery if her patent should not protect her. So she stated all her case in her complaint, which seems to me well designed to present the issues as they appeared to her. She was entitled to plead alternatively or hypothetically, in one count or in separate counts. Federal Rule 8 (e) (2), 28 U.S.C.A. following section 723c. Actually she has set forth her various claims in one count just as one assigns several acts of negligence in suing for damages for personal injuries. And she makes it clear not only that she is relying on a claim for infringement of this design patent, No. 101,880, but also that she is claiming unfair competition as to this particular bag, Exhibit 3. And, pursuant to order, she filed a bill of particulars asserting that the bag which is Exhibit 3 is the handbag embodying the design which has become known to the general buying public as her product and manufacture. She has therefore made her case and her claims quite clear and this is all that can properly be expected of a pleading. The question of jurisdiction herein is too important to turn upon niceties of expression in pleading once the basic facts appear.[1]

The answer to that question under Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 590, 77 L.Ed. 1148, must turn upon the meaning we ascribe to "cause of action." "In terms of the Hurn case, however, claims may be joined when they are but different phases of a single cause of action and not otherwise." Shulman and Jaegerman, Some Jurisdictional Limitations on Federal Procedure, 45 Yale L. J. 393, 408. And it is clear, too, that the test of a single cause of action indicated by that case is a practical one based on the extent of identity of the operative facts.[2] This is shown by the court's emphasis upon the substantial identity of the facts upon which the two claims held within the federal jurisdiction were

---

[1] In some decisions, apparently some weight is placed upon the fact that the claims are stated in either one or two counts, as the case may be. See 47 Yale L.J. 1287, 1290, n. 17. Sed quære.

[2] Compare United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83; Elliott v. Mosgrove, Or., 93 P.2d 1070.

based. See page 246 of 289 U.S., page 589 of 53 S.Ct., 77 L.Ed. 1148, and compare 1 Moore's Federal Practice 155–160; Southern Pac. Co. v. Van Hoosear, 9 Cir., 72 F. 2d 903, 911, 912. And it explains the disallowance of the claim for the later uncopyrighted play; a boundary must be set somewhere, and it is practical to set it when a new and later matter requiring other and different witnesses and evidence will be presented.

Such, too, has been the holding of later cases. In Armstrong Co. v. Nu-Enamel Corp., 305 U.S. 315, 324, 59 S.Ct. 191, 196, 83 L.Ed. 195, dealing with trade-marks, it was held, construing the Hurn case, that "once properly obtained, jurisdiction of the one cause of action the alleged infringement of the trade-mark, persists to deal with all grounds supporting it, including unfair competition with the marked article," and hence that the trial court was in error in concluding that the invalidity of the trade-mark divested it of jurisdiction over unfair competition. A like result with respect to patents was reached in the well reasoned case of E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, certiorari denied 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884, which seems to me directly in point. See also Illinois Watch Case Co. v. Hingeco Mfg. Co., 1 Cir., 81 F.2d 41; Sinko et al. v. Snow-Craggs Corp., 7 Cir., 105 F.2d 450; Mitchell & Weber v. Williamsbridge Mills, D.C.S.D.N.Y., 14 F.Supp. 954, Patterson, J., noted in 45 Yale L. J. 1287; 3 Moore's Federal Practice 3213. I know of no appellate decision to the contrary except Atkins v. Gordon, 7 Cir., 86 F.2d 595, which failed to note the Hurn case and with which the later cases here cited from that circuit seem out of line. The criticism of this case in 4 U. of Chi.L.Rev. 679 (quoted with approval in 1 Moore's Federal Practice 157) properly points out that the holding defeats the purpose of the rule by requiring the dismissal, for trial elsewhere, of a case where the facts have already been brought out in the federal hearing. This pragmatic test, designed to avoid duplication of litigation, really goes back to the original decision of Chief Justice Marshall in Osborn v. Bank of United States, 9 Wheat. 738, 22 U.S. 738, 823, 6 L.Ed. 204, holding that "when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of congress to give the circuit courts jurisdiction of that cause, although other questions of fact or of law may be involved in it."

We may concede that problems of allotment of jurisdiction between state and national courts are fundamentally problems of government, calling for wise and shrewd statesmanship by any arbiter of the relations of states to nations in a federal system. Frankfurter, Distribution of Judicial Power Between United States and State Courts, 13 Corn. L.Q. 499, 530; Shulman and Jaegerman, supra, at page 408 of 45 Yale L.J.; Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 339, 55 S.Ct. 154, 79 L. Ed. 398. Even so, there will be no loss to statecraft if in the daily activities of courts the needs of practical judicial administration may have some sway to persuade against compelling two lawsuits where one will more completely serve the interests of the litigants.

Applying such a practical test, it seems apparent, as the trial court concluded, that here there is that substantial overlapping of the operative facts which satisfies a reasonable test of identity of the cause. Necessarily to be tried, to reach a conclusion on the case the plaintiff has chosen to present, are the existence and extent of the patent, and the making of the two bags and their similarity; if an accounting is ordered that will be in substance the same. There will be some matters, not completely identical perhaps, bearing on the validity of the patent on the one hand and the passing off of the competing article on the other. But in terms of the witnesses to be produced and the testimony to be offered, those are not likely to be greatly distinct from the main identical issues; and as pointed out in the Edelmann case, supra, such an additional fact where the other facts are the same does not prevent the rule from applying. And, it should be noted, this overlapping of the testimony is just as close in actual fact whether the bag, Exhibit 3, is covered by a patent which is invalid or is not covered by the patent reasonably claimed in good faith to do so. In the former case my brothers concede jurisdiction—as I believe they must unless they are prepared to repudiate any application of the Hurn case to the patent situation. If we go so far, I see no justifiable ground for stopping with the latter case. Indeed I believe the persuasive decisions do go to that extent. In the Edelmann, Illinois Watch, and Sinko cases, cited above, the patent was held valid and not in-

fringed, and yet the claim of unfair competition was decided on the merits. The Edelmann case goes farther, even, for there the court considered "the additional fact that appellant has wrongfully circulated, among the trade, false charges of infringement. The relief sought upon the second branch is upon a footing entirely apart from that prayed on the first." 88 F.2d 854. And yet the court held both branches within its jurisdiction under Hurn v. Oursler, supra.

And so I believe the cause of action is single here under the Hurn case, since the overlapping of testimony to support the two claims is so obviously substantial and extensive. But in any event we are put on notice of their close connection and should at most only seek further light from the court below, rather than reject the whole case summarily.

I am troubled, too, by the decision on the merits made herein as an alternative to the denial of jurisdiction. True, the unfair competition involved is a passing off of defendant's goods as those of the plaintiff; that fact must be established. Here, again, the facts found are scanty. The court did state its conclusion, however, that the defendant made a duplicate of plaintiff's article, "deriving benefit from the advertising and prestige of the plaintiff and her product with confusion to the public and resulting injury to the plaintiff." It further found that one Immerman had formerly owned or partially controlled the concern which made the plaintiff's bags, and upon withdrawal therefrom purchased a one-third interest in the defendant company, after which the manufacture of the competing bags commenced. Moreover, defendant's bag was so arranged that purchasers could and did buy plaintiff's products, such as compacts and lipsticks, distinguished by her trade name, Elizabeth Arden, so to complete a bag "identical with plaintiff's fitted bag except for the pack of matches and the trade name on the lining." When defendant's bag is so fitted out, it appears to be, as the court stated, "a Chinese copy" of the plaintiff's product. It is not very clear whether the consumer or the retailer did this; it is obvious that the retailer could do it. We may say that there are not enough facts to show the required "passing off," but surely there are enough here to call for further findings, rather than final dismissal. Further, it is not clear what may be the effect of a dismissal for lack of jurisdiction when there is also an apparent adjudication on the merits. Under Federal Rule 41 (b), the former is normally without, the latter is with, prejudice. The decree now to be rendered will be, I fear, confusing and contradictory. I do not see how it can fail to be inherently inconsistent.

I think the action should be returned to the District Court for a more complete finding of facts along the lines here indicated.