**RCA MFG. CO., Inc., v. COLUMBIA RECORDING CORPORATION et al.**

District Court, S. D. New York.

Nov. 7, 1940.

Rogers, Hoge & Hills, of New York City (Edward S. Rogers, Clifton Cooper, and Leslie D. Taggart, all of New York City, of counsel), for plaintiff.

Rosenberg, Goldmark & Colin, of New York City (Godfrey Goldmark and Paul A. Landsman, both of New York City, of counsel), for defendants.

LEIBELL, District Judge.

This is a motion by the two Columbia defendants for a bill of particulars and to strike out certain paragraphs of the complaint on the ground that they are immaterial and impertinent. The bill of particulars has been agreed to and only the motion to strike will be considered.

The action is for injunctive relief, an accounting and treble damages, based on alleged trade-mark infringement and unfair competition. The complaint is in a single count.

As to jurisdiction, the complaint alleges a claim for trade-mark infringement and unfair competition; diversity of citizenship between the plaintiff and two of the defendants, Columbia Phonograph Co., Inc., and Times Appliance Co., Inc., and an amount in controversy in excess of $3,000. There is no diversity of citizenship as between plaintiff and the third defendant, Columbia Recording Corporation.

In substance the complaint states that the plaintiff and its predecessor, Victor Talking Machine Company, have been engaged in the sale of phonograph records in interstate commerce; that since 1904 they have been the owners of certain duly registered trade-marks, namely, "a circular red label" and the words "Red Seal", and that since 1902 such a label and these words have been applied, continuously, to the central portion of phonograph disc records produced by plaintiff and its predecessor; that these records are further identified by their visual aspect which, in addition to the above, consists of gold letters and devices superimposed on the label and mounted on black records; that these marks and dress distinguish plaintiff's records from all others; that plaintiff's records are widely and commonly known as "Red Seal Records" and they enjoy a high reputation; and that as to such trade-marks and dress, each embodies a valuable reputation and good will.

The complaint then alleges that the defendants, Columbia Phonograph Co., Inc., and Columbia Recording Corporation have been affiliated for many years, and that they have "conspired together to commit the acts of unfair competition and trademark infringement hereinafter set forth" (par. 17 of complaint).

The next three paragraphs of the complaint are those which the defendants Columbia Recording Corporation and Columbia Phonograph Co., Inc., seek to strike:

"18. During the year 1939, defendants Columbia Recording Corporation and Columbia Phonograph Co., Inc., hired away from the plaintiff five or more men who had occupied key positions with the plaintiff in the manufacture and sale of 'Red Seal' records, and put them in charge of said defendant's record business."

"19. Thereupon, said defendants started out to divert to themselves the record business and good will which the plaintiff had built up."

"20. Contemporaneously therewith, said defendants induced artists who had theretofore recorded exclusively for the plaintiff to record for the defendants."

In the subsequent paragraphs of the complaint it is alleged that in September 1939 the said defendants began to manufacture and sell black phonograph records to which they applied red labels, bearing gold lettering and devices, presenting the same visual aspect as plaintiff's records, and called them "Red Label Records"; that defendant Times Appliance Co., Inc., became chief distributor of defendants' records throughout the United States and advertised them as "Red Seal Records" or "Red Label Records", "in violation of plaintiff's trade-mark rights and in unfair competition with it." (Par. 23 of the complaint.)

Other allegations follow, to the effect that all the defendants thus conspired to commit the acts alleged; that there is a likelihood that the public will be deceived; that defendants intend this result; and that plaintiff has been damaged. The relief sought is the usual prayer in cases involving trade-mark infringement combined with unfair competition.

Defendants contend that the above-quoted paragraphs 18, 19 and 20 of the complaint should be stricken because:

(1) They constitute a separate and distinct nonfederal claim based on facts substantially different from the facts involved in the federal claim for infringement; and that the court lacks jurisdiction of such separate claim by reason of the absence of diversity of citizenship between the plaintiff and the defendant Columbia Recording Corporation.

(2) They are insufficient in law to state any claim (Levering & Garrigues v. Morrin, 2 Cir., 61 F.2d 115, 121).

(3) They are immaterial and impertinent to the claims over which the Court has jurisdiction, namely, for trade-mark infringement and for unfair competition with respect to such trade-marks.

Plaintiff, on the other hand, submits that these paragraphs do not constitute a separate claim, that they are not pleaded for that purpose, but on the contrary are pleaded to establish an element of its claim for unfair competition and to serve to show defendants' intent to trade on plaintiff's good will. Plaintiff contends that the acts alleged in these paragraphs are part and parcel of a connected "course of conduct" or aggregation of circumstances, the result of which is the diversion of plaintiff's record business and good will principally through the manufacture and sale of records with the infringing simulation of the red seal trade-mark. Citing National Biscuit Co. v. Swick, C.C., 121 F. 1007.

I think plaintiff's contention is clearly correct as to paragraphs 18 and 19 of the complaint and although there is no allegation to connect directly the acts alleged in paragraph 20 with the other acts of defendants constituting infringement of plaintiff's red seal trade-mark and unfair competition in respect to records bearing those trade-marks, plaintiff may intend so to connect them by proof at the trial, if the facts so warrant.

The jurisdiction of this Court in this matter should be tested by the doctrine of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. That decision was recently discussed and applied by the Circuit Court of Appeals of this Second Circuit in Lewis v. Vendome Bags, 108 F. 2d 16, at page 17, from which the following is quoted: "Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, as a majority of the court understands the decision, requires a reversal of the decree on appeal. In that case the amended bill of complaint charged the defendant with three wrongs: (1) infringement of a copyrighted play of the plaintiff; (2) unfair competition with the copyrighted play; and (3) unfair competition with an uncopyrighted revision of the plaintiff's play. The district court dismissed the bill on the merits in so far as grounded on copyright infringement, and for want of jurisdiction in so far as grounded on unfair competition. This court affirmed the decree in 2 Cir., 61 F.2d 1031. The Supreme Court modified it. It held that the federal question raised by the charge of copyright infringement gave the district court jurisdiction of the case; that rejection of the federal claim on the merits did not deprive the court of jurisdiction to decide the claim of unfair competition in respect to the copyrighted play, and that this claim should also have been dismissed on the merits; it affirmed the decree in so far as it dismissed for want of jurisdiction the claim of unfair competition in respect to the uncopyrighted revision of the plain-

tiff's play, since this was a separate and distinct non-federal cause of action. In the case at bar the allegations of the bill definitely limit the bags of the plaintiff's manufacture in respect to which unfair competition is charged, to bags embodying the patented design. Hence, the court had jurisdiction of the case, because the allegation of patent infringement raised a federal question and the charge of unfair competition in respect to bags of the patented design was, so far as appears, made in good faith. But the latter charge was not proved. What was proved was unfair competition with bags not embodying the patented design—at least, so we must assume, for the proof has not been incorporated in the record, only the findings. Consequently the findings of fact and the decree are not supported by the allegations of the complaint regarding unfair competition; and the complaint should have been dismissed for failure to prove the unfair competition alleged. It is like the failure of proof in Hurn v. Oursler, 289 U.S. 238, at page 247, 53 S.Ct. 586, at page 590, 77 L.Ed. 1148. * * *."

The following quotation from Mr. Justice Sutherland's opinion in Hurn v. Oursler, supra, 289 U.S. at page 245, 53 S.Ct. at page 589, 77 L.Ed. 1148, seems peculiarly appropriate to the determination of the jurisdictional issue raised on the present motion:

"But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action.

The case at bar falls within the first category. The bill alleges the violation of a single right; namely, the right to protection of the copyrighted play. And it is this violation which constitutes the cause of action. Indeed, the claims of infringe-ment and unfair competition so precisely rest upon identical facts as to be little more than the equivalent of different epithets to characterize the same group of circumstances. The primary relief sought is an injunction to put an end to an essentially single wrong, however differently characterized, not to enjoin distinct wrongs constituting the basis for independent causes of action."

In Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, at page 324, 59 S.Ct. 191, at page 196, 83 L.Ed. 195, the Supreme Court reiterated and applied this rule. The following is quoted from the opinion of Mr. Justice Reed:

"Once properly obtained, jurisdiction of the one cause of action, the alleged infringement of the trade-mark, persists to deal with all grounds supporting it, including unfair competition with the marked article. The cause of action is the interference with the exclusive right to use the mark 'Nu-Enamel.' If it is a properly registered trade-mark, a ground to support the cause of action is · violation of the Trade-Mark Act. If it is not a. properly registered trade-mark, the ground is unfair competition at common law. The facts supporting a suit for infringement and one for unfair competition are substantially the same. They constitute and make plain the wrong complained of, the violation of the right to exclusive use.

"In the Oursler Case there was a valid copyright which was held not infringed. Here the trial court determined the trade-mark was invalid. The Oursler Case held that where the causes of action are different, the determination that the federal cause fails calls for dismissal. But where there is only one cause of action we do not consider that the holding of the invalidity furnishes any basis for a distinction between this and the Oursler Case. Registration of 'Nu-Enamel' furnished a substantial ground for federal jurisdiction. That jurisdiction should be continued to determine, on substantially the same facts, the issue of unfair competition."

The Federal Court will retain jurisdiction when it can do so in order to avoid multiplicity of suits and to prevent hardship. Derman v. Gersten, D.C.E.D. N.Y.1938, 22 F.Supp. 877; Mitchell & Weber v. Williamsbridge Mills, D.C., 14 F.Supp. 954. Furthermore, the Court is inclined to construe a pleading as alleging only one cause of action, unless the con-

trary is plainly indicated. Judge Woolsey wrote in Corning Glass Works v. Pasmantier, D.C.S.D.N.Y., 30 F.Supp. 477, at page 480: "I understand that where, as here, the use of the trade-mark is the basis of the federal claim for infringement, and the method of using the trade-mark is the real basis for the claim of unfair competition, the derivative jurisdiction prescribed by the Supreme Court may be invoked. This, of course, is in accordance with the wise principle of judicial husbandry, that—if jurisdictionally permissible—two causes should never be allowed to grow where at first there was but one."

■ A cause of action or claim does not consist of "facts", but rather it is the "wrong" which the facts together comprise. As Mr. Justice Sutherland said, in Baltimore S. S. Co. v. Phillips, 274 U.S. 316 at page 321, 47 S.Ct. 600, at page 602, 71 L.Ed. 1069: "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. "The thing, therefore, which in contemplation of law as its cause, becomes a ground for action, is not the group of facts alleged in the declaration, bill, or indictment, but the result of these in a legal wrong, the existence of which, if true, they conclusively evince." '. Chobanian v. Washburn Wire Company, 33 R.I. 289, 302, 80 A. 394, 400, (Ann.Cas. 1913D, 730)."

The above paragraph was quoted in part in Hurn v. Oursler, 289 U.S. 238, at page 246, 53 S.Ct. 586, 77 L.Ed. 1148.

■ In the instant case it seems to me that the facts contained in paragraphs 18, 19 and 20 are part and parcel of a connected series of alleged events, all of which tend to show both the trade-mark infringement and the unfair competition through the illegal use of plaintiff's marks. The alleged facts are concurrent in time as to each claim. The two claims, unfair competition and trade-mark infringement, are inseparably connected and arise from substantially the same set of facts. "The law of trade-marks is but a part of the broader law of unfair competition". United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 97, 39 S.Ct. 48, 50, 63 L.Ed. 141.

■ It is true, as the plaintiff contends, that the basis of trade-mark infringement suits is the likelihood that prospective purchasers will be misled to plaintiff's damage. American Law Institute, Restatement, 1938, 3 Torts, § 717, p. 567. And see, Coca-Cola Co. v. Carlisle Bottling Works, D.C., 43 F.2d 101.

Judge Swan, in Lewis v. Vendome Bags, supra, in discussing unfair competition, stated (108 F.2d at page 18): "The essence of the wrong of unfair competition is selling the goods of one manufacturer or vendor as those of another, and unless the defendant passes off its goods as those of the plaintiff the action fails."

The facts alleged in paragraphs 18, 19 and 20 of the complaint have a direct relation to plaintiff's purpose to infringe plaintiff's trade-mark and unfairly compete. As the court said in Enoch Morgan's Sons Co. v. Ward, 7 Cir., 152 F. 690, 693, 12 L.R.A., N.S., 729: "Of course, an actual infringer is answerable, irrespective of his intent; but there is a view in which intent has a bearing on the fact of infringement. Appellee's intent to profit by appellant's marks is quite apparent, we think, even when each of his acts is regarded separately; when taken together, his acts are unmistakable, just as the plea of ignorance on the part of one who passes counterfeit money becomes untenable in the face of successive instances."

See, also, Israelite House of David v. Murphy, D.C., 6 F.Supp. 914; Coca-Cola Co. v. Duberstein, D.C., 249 F. 763.

■ On the basis of these cases I think the plaintiff is entitled to plead the facts set forth in the three paragraphs as tending to show the defendants' purpose to infringe and to compete unfairly. They are not therefore immaterial and impertinent.

The fact that the acts alleged in paragraphs 18 and 20 of the complaint in and of themselves do not state a claim in tort is of no moment, except that this circumstance tends to substantiate the plaintiff's contentions that they were not intended to do so. They could not form the basis of

any separate action in tort unless other special circumstances were shown. Harley & Lund Corp. v. Murray Rubber Co., 2 Cir., 31 F.2d 932, 934. The relief which plaintiff seeks is that to which it is entitled in the event that it proves a case for trademark infringement and unfair competition in connection therewith.

The defendants' motion to strike paragraphs 18, 19 and 20 from the complaint is denied. Defendants' motion for a bill of particulars is granted on consent. Submit order, accordingly, on notice.