**PRINCE MATCHABELLI, Inc., v. ANHALT & CO., Inc.**

District Court, S. D. New York.

July 14, 1941.

Dean, Fairbank & Hirsch, of New York City (William S. Gluck, Morris Hirsch, and Gluck & Breitenfeld, all of New York City, of counsel), for plaintiff.

Munn, Liddy, Glaccum & Kane, of New York City (Daniel H. Kane, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the plaintiff for an injunction pendente lite. There is also a counter motion by the defendant to strike from the complaint allegations charging the defendant with unfair competition.

The suit is for alleged infringement of the Frank patent, No. 2,210,755, issued August 6, 1940, covering a purse kit, and also for unfair competition. There is no diverse citizenship between the parties, and federal jurisdiction is predicated entirely on the claim of patent infringement.

The complaint is admirably short and concise; after alleging that the defendant is infringing by manufacturing and selling purse kits embodying the invention, it charges in a separately numbered paragraph that the defendant is also engaged in unfair competition as follows:

"4. The purse kit extensively manufactured and sold under said Letters Patent by the plaintiff, has become so associated with the plaintiff in the mind of the public as to have an acquired significance or secondary meaning to cause any purse kit of the same appearance to be ascribed to the plaintiff as the source of production, and the defendant has made and sold infringing purse kits of the identical appearance and as precise copies and substantial counterfeits of the said bags of plaintiff, with the intent and result of profiting by the inevitable confusion created by defendant's said substantial counterfeit."

The purse kit of the patent is an envelope type of kit, rectangular in shape, has interior pockets, and is adapted for insertion in a woman's handbag. The specification shows a method of manufacture which leaves the finished article with substantially no exposed seams. The claims cover not only the completed purse kit, but also the method of putting it together.

The defendant by its counter motion challenges the jurisdiction with respect to the charge of unfair competition; the contention is that the complaint alleges two separate and distinct causes of action, and not "two distinct grounds in support of a single cause of action". Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 589, 77 L.Ed. 1148. This test has been applied in a number of recent cases, of which the following are typical: Foster D. Snell, Inc. v. Potters, 2 Cir., 88 F.2d 611; Warner Publication v. Popular Publications, 2 Cir., 87 F.2d 913; Lewis v. Vendome Bags, 2 Cir., 108 F.2d 16. In Lewis v. Vendome Bags, supra, 108 F.2d at page 17, the court used the following language with respect to a similar contention:

"In the case at bar the allegations of the bill definitely limit the bags of the plaintiff's manufacture in respect to which unfair competition is charged, to bags embodying the patented design. Hence, the court had jurisdiction of the case, because the allegation of patent infringement raised a federal question and the charge of unfair competition in respect to bags of the patented design was, so far as appears, made in good faith".

In the present case, the complaint charges the defendant with unfair competition in the manufacture and sale of purse kits embodying the invention; the two grounds of relief are inseparably connected, and grow out of the same facts; and there is no contention that the claim of patent infringement is not made in good faith. I think, therefore, that the charge of unfair competition has been properly joined in the complaint, and that the court has jurisdiction.

This brings me to the plaintiff's motion for an injunction pendente lite, which is

850

rested solely on the charge of unfair competition. The affidavits of the plaintiff show that the plaintiff has been engaged for more than fifteen years in the manufacture and sale of perfumes, cosmetics and related articles, such as compacts, purse kits and the like; these articles have been put out by the plaintiff in a distinctive way so as to show their origin, and have been extensively advertised; they have always borne the name and mark of the plaintiff, and have become identified by the public as the plaintiff's product. It is also stated in the affidavits that approximately $50,000 has been spent for advertising and promoting the purse kit of the patent, and that 282,732 of the purse kits have been sold at $1 each, representing a retail sales value of $282,732. None of these facts has been questioned or denied in the affidavits submitted by the defendant.

The defendant has recently brought out a purse kit, which, in all material respects, is an exact replica of the plaintiff's purse kit. These purse kits appear originally to have been sold without any identifying marks, but more recently they bear a small silk label with the mark "Anhalt, New York" attached inconspicuously on the inside of the pocket where it would not be likely to attract notice from a casual purchaser. The defendant's purse kit sells at retail for 50 cents as against the price of $1 for the plaintiff's purse kit, and is being offered for sale in many of the same department stores in which the plaintiff's purse kit is being sold.

 I think it is plain from the record now before me that the purse kit of the patent has "become so associated with the plaintiff in the mind of the public as to acquire a secondary meaning and cause any bag of the same appearance to be ascribed to the plaintiff as the source of production". Lewis v. Vendome Bags, supra, 108 F.2d at page 18. It is clear, also, that the defendant has deliberately copied the plaintiff's purse kit down to the last detail, and is palming off its product as that of the plaintiff. This, the defendant should not be permitted to do. The thought is well expressed in Electric Auto-Lite Co. v. P. & D. Mfg. Co., 2 Cir., 109 F.2d 566, at page 567, as follows:

"There is nothing unlawful in copying the unpatented products of another dealer down to the last detail, except in so far as the resulting similarity may become a means of securing his customers through

their belief, so induced, that your goods are his".

The motion of the defendant to strike out the allegations of the complaint charging unfair competition is denied; and the motion of the plaintiff for an injunction pendente lite based on unfair competition is granted.