**MUSHER FOUNDATION, Inc., v. ALBA TRADING CO., Inc.**

No. 212.

Circuit Court of Appeals, Second Circuit.
March 23, 1942.

Harry Price, of New York City, for complainant-appellant.

Joffe & Joffe, of New York City (Joseph Joffe, Max Schoengold, and Max Apfelbaum, all of New York City, of counsel), for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complainant, Musher Foundation, Inc., brought suit against Alba Trading Co. and in its amended complaint alleged (1) for a first cause of action, that the defendant by manufacturing and selling an oil under the brand name and registered trade-mark "Bertola" infringed three patents belonging to complainant and covering products and processes for an infusion of a sufficient amount of olive oil or olive paste into corn oil to prevent rancidity; (2) for a second cause of action, that the defendant infringed complainant's common law rights in the words "Infused," "Infusing" and "Infusion" and was guilty of unfair competition with complainant by embodying in defendant's advertising and applying to its containers for the sale of oil the word "Infused" which had acquired a secondary meaning indicating products that had been made in accordance with the patents above referred to and under the complainant's supervision.

The defendant moved to dismiss the second cause of action of the amended complaint: (a) For lack of jurisdiction, because there was no allegation of diverse citizenship between the parties to the suit, (b) for failure to plead facts sufficient to constitute a cause of action. The District Court made an order dismissing the second cause of action on both grounds, from which complainant has appealed. Since the order was made, the defendant has filed an answer to the cause of action for patent infringement. In so far as the order dismissed the second cause of action for lack of jurisdiction we think it should be affirmed, but in so far as it dismissed it for failure to state a cause of action that question was not properly before the court since jurisdiction of the subject-matter was lacking.

As we understand the decision in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.

Ed. 1148, the Supreme Court there held that a non-federal claim, over which the United States Court had no jurisdiction because of an absence of diverse citizenship, might be joined with a federal claim if the non-federal count differed from the federal count only because it asserted a different ground for recovery upon substantially the same state of facts. Justice Sutherland treated the two counts in that case as stating separate grounds for recovering upon what he characterized as but a single cause of action. Justice Reed reiterated the same theory in Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, in an opinion in which all the Justices seem to have concurred.

We see little, if any, resemblance between the situation in which the court upheld jurisdiction over the non-federal count in Armstrong Paint & Varnish Works v. Nu-Enamel Corp., supra, and that in the case at bar. The proof of infringement of the patents in suit will depend on complainant's success in establishing that the defendant employed the process of infusing oil or has manufactured, used or sold the infused product, and not that it has advertised the product as "infused" or placed it in containers bearing that descriptive mark. Indeed, the defendant might infringe the patents without the use of containers bearing the name "infused" and without employing the words "infused" or "infusion" in its advertising or sales talk. It might also make representations that would render it guilty of unfair competition without selling oil manufactured under complainant's process. The only cases where there has been joinder of a federal with a non-federal count and jurisdiction over the latter count has been sustained have been cases of joinder of suits on registered copyrights with suits for unfair competition based on common law copyrights; suits on registered trade-marks with suits for unfair competition based on unregistered trade-marks and suits on · design patents with suits for unfair competition based on products made in accordance with the patented designs. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272; Warner Publication, Inc., v. Popular Publications, Inc., 2 Cir.,

87 F.2d 913; Lewis v. Vendome Bags, 2 Cir., 108 F.2d 16.

In the situations dealt with in the foregoing decisions substantially the same evidence determined the liability of the various defendants both under the applicable federal statutes and under the common law right to prevent unfair competition through a copying or simulation of complainant's compositions, trade-marks or designs, to the injury of its business and good-will and the loss of its customers. The common law copyright, trade-mark or design was of the ·same matter covered by the registered copyright, trade-mark or patent and the only additional factor required in order to establish unfair competition was proof that goods having the appearance of defendant's had become associated in the public mind with products emanating from complainant.

█ In the case before us we can see no substantial identity between the proof showing infringement of the complainant's patents and that showing an infringement of its common law trade-mark "Infusion." Proof of infringement of the patents would require no evidence of the use of the word "infusion" and proof of the similarity of complainant's and defendant's containers would not establish infringement of the patents. The two counts do not merely allege different grounds of recovery founded upon substantially the same facts, but rather set forth causes of action which under the doctrine of Hurn v. Oursler and Armstrong Paint & Varnish Works v. Nu-Enamel Corp., supra, are separate and cannot be joined, since one is federal and the other non-federal. Consequently, the district judge properly dismissed the second cause of action for lack of jurisdiction.

█ If jurisdiction over the second cause of action had existed it would seem probable that sufficient facts were set forth to uphold the claim of unfair competition. The complaint alleges that the designation "infused" has acquired a secondary meaning which indicates to the trade and the public a product, made under the supervision of the complainant and manufactured according to the patents in suit. Accordingly the allegations would apparently be sufficient to sustain the cause of action on the merits, in spite of the fact that "infused" is a descriptive term and it is not alleged that complainant has been engaged

in manufacturing. Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526. But when the court dismissed the second cause of action because federal jurisdiction was lacking it had no power to pass upon the merits of the claim. Absence of federal jurisdiction over the subject-matter necessarily rendered further consideration of the claim impossible and made all further questions nonjusticiable.

■ Under our decision in Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83, the order is appealable. Indeed, if the second cause of action is properly held independent of the claim of patent infringement, an appeal is allowable under familiar canons of appellate procedure. United States v. River Rouge Imp. Co., 269 U.S. 411, 46 S.Ct. 144, 70 L.Ed. 339.

The order so far as it dismissed the second cause of action for lack of jurisdiction is affirmed, but so far as it dismissed the cause of action on the merits is reversed. The motion for dismissal on the merits which was granted in the court below is denied for lack of jurisdiction over the subject-matter.

C. E. CLARK, Circuit Judge (dissenting).

Hurn v. Oursler, supra, repudiated the "second circuit rule" that "however intimately the claims of unfair competition and infringement are related, the federal court is without power to consider the former," page 241 of 289 U.S., page 587 of 53 S.Ct., 77 L.Ed. 1148, and upheld the doctrine that a single cause of action, properly in the federal court, must be completely adjudicated there. I cannot avoid the feeling that, here as in other recent cases, my colleagues are shying away from the natural implications of that decision. Treasure Imports, Inc. v. Henry Amdur & Sons, 2 Cir., 127 F.2d 3, March 9, 1942; Lewis v. Vendome Bags, Inc., 2 Cir., 108 F.2d 16, certiorari denied 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008. Perhaps I, too, stand convicted of the same charge for my holding of lack of jurisdiction in Pure Oil Co. v. Puritan Oil Co., D.C.Conn., 39 F.Supp. 68, now reversed by other members of this court in 2 Cir., 127 F.2d 6, March 14, 1942. Be that as it may, the Hurn doctrine seems to me logical and vastly saving of unnecessary duplication of litigation. If the roast must be reserved exclusively for the federal bench, it is anomalous to send the gravy across the street to the state court house. Of course, there was left a certain indefiniteness, even ambiguity, as to the outer reaches of the doctrine and the extent of a single cause of action, but perhaps not more than occurs in any judicial drawing of boundary lines. See my remarks in Lewis v. Vendome Bags, Inc., supra, 108 F.2d at pages 19, 20. At any rate, it has been reiterated by a unanimous court in Armstrong Paint & Varnish Works v. Nu-Enamel Corp., supra; and we should do our best to follow it.

The conceptual yardstick of that doctrine is the "cause of action"; a single cause of action giving rise to both federal and non-federal rights may be completely adjudicated in the federal courts, where it must be anyhow because of the federal rights. It seems to me clear, however, that the rule is wholly illusory unless we grant a reasonable and practical content to the yardstick and require for our unitary cause only a substantial amount of overlapping testimony, rather than complete identity of the facts. That is the obviously desirable rule from the standpoint of procedural economy; furthermore, it is sound analytically, for the cause or ground of the action is, broadly, the unfair appropriation by defendant of plaintiff's property, protected by either state law or federal law or both, in a trade-mark or a book or an invention. A converse view, requiring identity of facts, practically excludes the possibility of a single cause, since state and federal rights are hardly ever—if ever—complete equivalents, and differing rights depend on differing facts. At any rate, federal rights of trade-mark, copyright, or unfair competition are not exact counterparts of the non-federal right against unfair competition, and the facts to support the former are not identical with those which support the latter.

A brief analysis will show the truth of this statement. Thus, in the situation disclosed by the Armstrong case, plaintiff, to prove trade-mark infringement, must show due registration of the trade-mark, that it was properly registrable, and that the infringing use is in interstate commerce, 15 U.S.C.A. §§ 81, 85, 96; whereas the claim of unfair competition requires proof of none of these things, but does demand proof that the trade name or mark has acquired a secondary meaning as referring to the plaintiff's article, and that the defendant is palming off its goods as

those of the plaintiff. In other words, it is a claim of fraud. Compare Lewis v. Vendome Bags, Inc., supra, 108 F.2d at page 18, and cases there cited. There may be a certain affinity, for example, between the showing that the trade-mark is registrable in the one case and that it has a secondary meaning in the other, in the sense that the same witnesses will probably support each ground; but the slightly different tinge to the facts, to say nothing of the law, is just as obvious. On the other hand, as pointed out in the Armstrong case, the core of the plaintiff's grievance is the same in each case: the violation of a right to exclusive use of its property in the mark or device. It is this substantial core that should be determinative and should be held to support our jurisdiction here. Narrow views as to it may lead not only to peculiar and uneconomical results so far as federal jurisdiction is concerned, but also to kindred problems involving res judicata, amendment, finality of judgments, and all the others where the yardstick of the cause of action is applicable.[1]

Now, to my way of thinking, the fundamental core of facts in this case is, for all practical and logical uses, as much a unit as was the core in the Hurn and Armstrong cases. Plaintiff has here a process for the manufacture of olive oil which it has patented and which it designates by the appropriate name, "Infused." That name, signifying the product of that process, has commercial value, as the plaintiff asserts. Plaintiff goes further and asserts that jurisdiction over its second cause of action—separately stated under pressure of the trial court, D.C.S.D.N.Y., 42 F. Supp. 281—arises because it rests on the same "acts and transactions" as the first cause. I believe this is a proper assertion as to the facts which are likely to develop at a trial; at least it is one which should not be summarily rejected on preliminary motion. The same course of proof which will show the novelty of the process is pretty surely that which the plaintiff will rely on to show the uniqueness of the name. Of course, the defendant may perhaps be able to show either lack of novelty in the process or lack of uniqueness in the

name, without showing both at once; but that possibility does not negate the essentially overlapping character of the proof. It would take a pretty technical lawyer to separate the process from its name; certainly no lay witnesses would do so naturally. A similar situation appeared in Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83, where a claim of copyright infringement of a play was joined with a claim of unfair competition as to its uncopyrighted title; but the presence in the complaint of an allegation of diversity of citizenship, even though not thereafter adverted to by the parties or the court, presumably renders the case not a direct precedent here.

The recent decisions in this Circuit on this problem, while disclosing small variations of fact, seem to me irreconcilable on any readily apparent grounds of logic or practical expediency. I can only express the hope that the bar and the district judges are not as mystified as to the law of this Circuit as I am. One need not go back to such conflicting views as appear in L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272, 274, and Foster D. Snell, Inc., v. Potters, 2 Cir., 88 F.2d 611, or even attempt comparison between them and the Lewis case. One need take only our decisions of the last two weeks. In Treasure Imports, Inc., v. Henry Amdur & Sons, supra, a majority of the court held that a claim of unfair competition for sales before registration of the trade-mark was not supported by the claim of trademark infringement, even though the evidence must be of the same general nature, to wit, that of defendants' competing sales of the identical product sold by plaintiff. In Pure Oil Co. v. Puritan Oil Co., supra, jurisdiction was found to restrain unfair competition, even though concededly on the evidence the trade-marks were not used in interstate commerce. That ruling was rested primarily on another part of the Hurn rule—that the federal claim must be substantial—and it had seemed to me in the District Court that retail sales of gasoline at a local city filling station could not afford a reasonable basis for a truly substantial claim of infringement in inter-

---

[1] I have set forth this view elsewhere, perhaps ad nauseam. Clark, The Code Cause of Action, 33 Yale L.J. 817; Code Pleading, 1928, 75-87; The Cause of Action, 82 U. of Pa.L.Rev. 354. See, also, United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; and Arnold, The Code "Cause of Action" Clarified by United States Supreme Court, 19 A.B.A.J. 215.

state commerce. If such is to be our rule in those cases where there turns out to be in fact no federal right, all the more should it be our rule where there is in fact a federal right which has been breached. In the latter case surely the defendant ought not to be doubly harassed, while the plaintiff ought not to be put to the waste of two lawsuits. But now comes the present decision, and jurisdiction is once more eschewed.

Since I would support federal jurisdiction here, I should also hold that there was no final judgment from which an appeal would now lie. To pursue further the somewhat violent metaphor attempted above, if the gravy is not to be sent to our state brethren neither should it be served up to us long in advance of the roast. On this point—unlike its assumption with respect to federal jurisdiction—the Collins case states a too limited and impracticable view of cause of action. It has therefore caused continual confusion as to the time of appeal. Recently, where an appellant had taken a probably premature appeal for fear of otherwise losing his rights, he sought permission at motion calendar to withdraw the appeal with right to reinstate it if and when he appealed from a truly final judgment which would bring the full case before us. Such doubtful expedients to preserve their rights should not be forced on litigants. I think the criticisms of the Collins case by Professor Moore, 3 Moore's Federal Practice, Supp., 92-101, are justified, and I withdraw my somewhat qualified support of that case with respect to its particular facts.[2] See, also, my remarks in Sidis v. F-R Pub. Corp., 2 Cir., 113 F.2d 806, 811, certiorari denied 311 U.S. 711, 61 S.Ct. 393, 85 L. Ed. 462; 49 Yale L.J. 1476; 5 Mo.L.Rev. 110; cf. 13 So.Calif.L.Rev. 358; 26 Va. L.Rev. 223. Nor can the dismissal of a part of the complaint below be properly held appealable as the denial of a preliminary injunction; actually the court has never refused that remedy and may still grant it on the plaintiff's mutilated, but still pending, cause of action. At least that should be the plaintiff's theory, and mine, too. I would uphold jurisdiction and dismiss the appeal.

[2] Of course, under the federal rules, split judgments are necessary and are final as to completely different causes of action; hence the "law" of the Collins case was impeccable, and its overruling of certain earlier decisions necessary. See Moore, op. cit.