### WEISSMAN v. RADIO CORPORATION OF AMERICA et al.
#### Civ. 36–382.

United States District Court
S. D. New York.
Sept. 29, 1948.

Alfred S. Julien, of New York City (Jerome K. Soffer, of New York City, of counsel), for plaintiff.

Julian T. Abeles, of New York City, for defendants, Radio Corporation of America and Robbins Music Corporation.

Edwin P. Kilroe, of New York City (Julian T. Abeles, of New York City, of counsel), for defendants, Twentieth Century Music Corporation and Twentieth Century-Fox Film Corporation.

RIFKIND, District Judge.

This simple action has been vastly complicated by its procedural history. The sole consequence is that it will take many more words than it otherwise should to dispose of it. The merits of the action at no time presented any problem of magnitude.

The action is for infringement of copyright. The complaint alleged that plaintiff was the author of an original musical work entitled "Huba-Huba" or "The Huba Song"; that on June 21, 1945, he procured a copyright thereto upon his' compliance with all the applicable laws; that he published the musical work in conformity to the applicable statutes; that defendants infringed "by publicly performing a song entitled 'Dig You Later (a Hubba-Hubba-Hubba)', by advertising same as 'Huba Huba', by the sale for profit of sheet music containing said infringing title; by the manufacture and sale for profit of recordings of plaintiff's said song; by incorporating the title of plaintiff's said song in a moving or talking picture entitled 'Doll Face' and also broadcast same". The prayer for relief asked for the usual injunction, for damages and an accounting for profits.

The complaint was filed on June 17, 1946. It was preceded by a notice to the defendants dated April 2, 1946, over the signature of plaintiff's attorney (not his present attorney), which read as follows:

"I represent one Irving Weissman, the author of a song whose title is 'Huba

Huba' or 'The Huba Song'. My client obtained a copyright of the song and title on June 21, 1945, through the Copyright Office of the U. S. A.—Copyright No. 427089.

"Recently, my client, as a result of inquiries made, ascertained that you have advertised a song copyrighted as 'Dig You Later' under his title of 'Huba Huba' or 'The Huba Song', which is in direct conflict with his copyrighted title. * * * This has resulted in loss of property rights, for the reason that my client has been unable to market the song under his title.

"My client therefore asks that you cease and desist from advertising the song 'Dig You Later' as 'Huba Huba' or 'The Huba Song'. * * *"

It will be observed that the notice to the defendants was concerned only with the alleged infringement of the title of plaintiff's song. There was no suggestion of piracy of either words or melody. The complaint continued this emphasis but, in addition, contained vague language which, liberally construed in plaintiff's favor, required a trial of the issues as to piracy.

The evidence disclosed not so much as a single straw pointing in the direction of a finding that the authors of the accused song had access to the plaintiff's song. It appeared that plaintiff was normally engaged as a waiter at a resort hotel. He had written, he testified, about twenty-five songs, four of which he regarded worthy of copyright. He wrote the song in issue in May and June, 1945 and procured copyright on June 21, 1945. The song was never publicly performed except that plaintiff himself once sang it in the presence of the guests of the hotel at which he was working. The time was unspecified. At his examination before trial, he testified that he had first procured numerous photostats of his song on September 21, 1945 and had distributed them among many publishers and performers with a view to its sale. Upon the trial he recanted his testimony and said that the photostating had occurred in the week of June 21, 1945. This was in no way corroborated either by invoices or other business records or oral testimony of the persons who performed the photostatic work. In view of the fact that this recantation occurred after the authors of the accused song had, in their depositions, fixed a date earlier than September for the production of their song, I do not credit plaintiff's second version of the event. Moreover, it is quite clear the song which was photostated was substantially different from the song filed in the Copyright Office. These differences were both in the lyrics and the music. It is most unlikely that these changes were effected during the week when the earlier and infinitely poorer version was presented for copyright. These revisions, I am convinced, did not see the light of day before September, 1945.

Harold Adamson and Jimmy McHugh, authors, respectively, of the words and music of the accused song, both testified to long professional careers as song writers. From time to time their services were enlisted by large motion picture companies. In March or April, 1944, they composed the accused song, having heard the expression "hubba hubba" used by soldiers returning from overseas and by radio comedians. This song, as well as others, which they composed between commissions, they put on the shelf to await an appropriate demand. In June of 1945 they were employed to do a score for Doll Face. The time for the creation of the required songs was very short. They thereupon exhibited to their clients a number of songs from their inventory. The producers of Doll Face accepted six or seven, including the accused song. Delivery of the song, after very minor adjustments, was made in June, 1945. This testimony was given by deposition on April 15, 1947. Were it capable of impeachment, the plaintiff had over a year in which to secure the contradictory evidence. None was produced. Both authors denied ever having seen or heard of plaintiff or his song. And this denial is almost superfluous, for it is conceded by plaintiff that a comparison of the copyrighted song filed on June 21, 1945, with the accused song, reveals only two items of similarity: the plaintiff's song is entitled "Huba Huba" or "The Huba Song"; the accused song is entitled "Dig You Later (a Hubba Hubba Hubba)". Both songs repeat the

phrase, huba huba huba or hubba, hubba, hubba several times.

[1, 2] In order fully to evaluate the flimsiness of plaintiff's claim it is not necessary to rely on the rule of law that a title can not be copyrighted. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 474. Should the suspicion arise that the defendants' use of these strange words is the product of copying, it is immediately dissipated by the fact that between April 18, 1944 and June 20, 1945, five distinct hubba hubba songs, so entitled, were copyrighted in the Copyright Office, before either of the songs in issue. The words had become common. They frequently appeared in cartoons and in comic strips, in the newspapers. By April 19, 1946, the number of copyrighted hubba hubba songs had grown to fifteen. Apparently there was great fecundity in these words. For some reason, hidden from judges, these words [1] released the poetic muse and conveyed myriad thoughts which conventional English was quite incapable of expressing. In any event such common usage dissipates the suspicion that might otherwise arise.

Plaintiff's copyrighted version reads as follows:

"Listen my daughter to what I have to say
If you want to find romance
Beware of the guys when they start acting gay
I'm warning you, dont take a chance
When he says 'Huba Huba Huba Huba Huba Huba'
Better look out baby
When he says 'Huba Huba Huba Huba Huba
That guy don't mean maybe
Cause Huba Huba means I gotta have you
But what he wants is not a kiss or two
So look out for the guy with the leer in his eye
Who wants to Huba Huba Huba Huba Huba Huba Huba Huba
Huba Huba Huba Huba Huba Huba Huba Huba
Huba Huba Huba Huba Huba Huba Huba all the time!"

Defendants' accused song is as follows:
"It's always fair weather when hepcats get together
And every time they meet here's the way you'll hear them greet
A hubba, hubba, hubba, hello Jack
A hubba, Hubba, Hubba just got back
Well, a hubba, hubba, hubba, let's shoot some breeze,
Say, whatever happened to the Japanese?
A hubba, hubba, hubba, ain't you heard?
A hubba, hubba, hubba, got the word
I got it from a guy who's in the know, it was mighty smoky over Tokio.
A friend of mine in a 'B-twenty nine' dropped another load for luck,
As he flew away he was heard to say,
A hubba, hubba, hubba, yuk! yuk!
Well I, got another mission, it's 'O.K.'
And with your kind permission I'll just say,
A hubba hubba hubba, on my way
And I'll Dig You Later in the U. S. A."

The music need not be set forth. It is conceded that plaintiff's version contains no indication of time or tempo, no bars or measures, no chords and that the notation of the two songs is quite dissimilar.

Plaintiff well realizes that there is not sufficient similarity between the accused song and his copyrighted version to permit an inference of piracy. He relies, therefore, most heavily on what he calls a third version of plaintiff's song. His reliance, however, is misplaced. First of all, plaintiff failed to persuade me that this version existed before the accused song was produced. His pretrial testimony assigned a date to the photostating of this version which was later than the production of the accused song. His recantation, already noted, was not corroborated. Moreover, plaintiff testified that the modifications were developed or, at least reduced to visual form by a professional arranger whom he employed for the purpose. The arranger might have thrown light on when the changes were made and perhaps on their source and origin. No such testimony was produced; nor was any explanation offered for its absence. This becomes

---

[1] Hubba apparently connotes that which in the Gay Nineties was expressed by a male's whistle, evoked whenever a wind-rustled skirt revealed a well turned feminine ankle.

peculiarly significant in the light of the fact that in the one respect in which this version has a marked resemblance to the accused song, it also strongly resembles another hubba hubba song[2] widely broadcast during the Spring and Summer of 1945 and concededly heard by the plaintiff. In any event, there was uncontradicted expert testimony that the progression of time intervals is quite commonplace. All in all, plaintiff has failed to produce the necessary evidence that the third version existed at a time when the accused song was produced. That renders purposeless the elaboration of any comparison between it and the accused song.

 Such a comparison should not be made for another reason. The third version has not been copyrighted. Its infringement is, therefore, not within the court's jurisdiction unless (1) it is a mere adaptation of the copyrighted version so as to enjoy the copyright protection conferred upon its original or (2) the court has power to enforce plaintiff's common law rights under the doctrine of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, now codified in 28 U.S.C.A. § 1338, effective September 1, 1948. (See, also, Musher Foundation, Inc. v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9.) At the close of the trial plaintiff moved to amend the pleadings to conform to the proof in order to plead both theories just suggested. Plaintiff has very earnestly urged the court to accept jurisdiction of the claim, but I do not see how the third version can be assimilated as an adaptation of the copyrighted version. The lyrics are different,[3] the music is different. Under the rule of Hurn v. Oursler I would be compelled to disclaim jurisdiction. Nor is there sufficient similarity to warrant taking jurisdiction under the language of § 1338. The proposed amendment asserting common law rights is, therefore, rejected, since I would have no jurisdiction over the claim which it asserts.

Intermediate the copyrighted version and the third version is a second version, with respect to which the evidence is very scanty. I am inclined to treat it as an adaptation of the copyrighted version. It affords little more basis than the copyrighted version for the charge of copying.

 My conclusions are, therefore, as follows: The action is dismissed on the merits. This dismissal extends to the claim of copying from plaintiff's copyrighted song and from the second version or adaptation thereof. I find that the third version is not a mere adaptation of the copyrighted song and is not entitled to copyright protection. The motion, made at the conclusion of the trial, for leave to amend to assert common law infringement, is denied because of lack of jurisdiction to entertain the claim.

---

[2] "Hubba Hubba Hubba", copyright owner, Martin Music Company. The mentioned similarity between the accused song and the third version is in the time value of the notation accompanying the words, "Hubba Hubba Hubba", which consist in both songs of a dotted eighth, a sixteenth, a dotted eighth and a sixteenth, an eighth and a dotted quarter. In the Martin song, the words "Hubba Hubba Hubba" are accompanied by a dotted eighth and a sixteenth, a dotted eighth and a sixteenth, an eighth, a quarter and an eighth. In time duration a quarter and an eighth occupy the same time interval as the dotted quarter. The Martin song also has the additional word "Hoy" following the words "Hubba, Hubba, Hubba". That carries an additional note.

[3] The text of the third version is as follows:

"If any of you people have been in a daze
About the new expression, the Huba Huba phrase
Just lend me your ear and be of good cheer
I'm about to explain in this little refrain
That Huba Huba Huba Huba Huba Huba Huba Huba Huba means Baby I go for you and Huba Huba is all the guy can say
(But) does he mean forever or only for a day
Better be a good child dont do anything wild when he offers you beer to fill you with cheer when he offers you wine to make you feel fine he thinks with licoer he'll get there quicker so I'm warning you daughter drink nothing but water when youre out with a guy who says Huba Huba I go for you
Huba Huba Huba no one else will do
Huba Huba Huba Huba I want you."