Leonard WAGNER d/b/a Leonard Wagner Motor Sales, Plaintiff

v.

WORLD WIDE AUTOMOBILES CORP., Defendant.

Civ. No. 9235.

United States District Court
W. D. New York.

Dec. 29, 1961.

Kavinoky, Cook, Hepp & Sandler, Buffalo, N. Y. (Charles R. Sandler, Buffalo, N. Y., of counsel), for plaintiff.

Cohen, Swados, Wright, Hanifin & Bradford, Niagara Falls, N. Y. (Thomas J. Hanifin, Jr., Niagara Falls, N. Y., of counsel), for defendant.

HENDERSON, District Judge.

Plaintiff, the operator of an automobile sales agency, was (for slightly more than four years) defendant's distributor of Volkswagen automobiles in Depew, New York, under a franchise agreement between the parties to this action. The complaint alleges that on or about November 22, 1960, the defendant, "without cause and [while] failing to act in good faith", terminated the franchise agreement, thereby causing damages for which this suit is brought.

As grounds for his claim to substantial damages in this action, plaintiff relies upon Title 15 U.S.C.A. §§ 1221–1225 [1] and the New York General Business Law, Article 11–A, sections 195–198 (1956)[2].

Defendant has moved for an order requiring plaintiff to separately state his claims under the two statutes as two separate causes of action in his complaint. It has also moved for an order dismissing the claim under the New York statute on the ground that no diversity

---

1. Section 1222 of Title 15 permits an automobile dealer to bring suit against any manufacturer who fails "to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, ·or not renewing the franchise with said dealer * * *." "Good faith" is defined in section 1221(e).

2. Section 197 of the General Business Law forbids a manufacturer or distributor from terminating any contract for the sale of new motor vehicles to a dealer "except for cause."

of citizenship exists between the parties. Plaintiff relies on the doctrine of pendant jurisdiction to sustain his contention that this court has jurisdiction of all the issues stated in the complaint. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

■ With respect to defendant's first motion, all that is required under the liberal rules of pleading in the federal courts is that the complaint be sufficiently clear to enable the defendant to frame an answer. The fact that two separate statutes are claimed to have been violated does not require separate counts in the complaint. National Cold Storage Co., Inc. v. Port of New York Authority, 24 F.R.D. 404 (S.D.N.Y.1959). Defendant will be able, with the complaint as presently written, to serve an answer presenting any appropriate affirmative defenses under either or both statutes involved in this action.

In support of its second motion, defendant argues that the claim under each statute is a separate cause of action, making the doctrine of pendant jurisdiction inapplicable. The fact that plaintiff has properly pleaded his case in a single count in his complaint does not necessarily dispose of this argument since a cause of action may be "one thing for one purpose and something different for another". See Hurn v. Oursler, supra, 289 U.S. at 247, 53 S.Ct. at 590. In Warner Publication, Inc. v. Popular Publications, Inc., 87 F.2d 913 (2d Cir. 1937), one of the early cases applying the Hurn doctrine in this Circuit, the complaint was divided into two separate counts, but it was nonetheless held that a single cause of action was stated for purposes of pendant jurisdiction.

■ Under the pendant jurisdiction doctrine, "a non-federal claim, over which the United States Court [has] no jurisdiction because of absence of diverse citizenship, [may] be joined with a federal claim if the non-federal count [differs] from the federal count only because it [asserts] a different ground for recovery upon substantially the same set of facts." Musher Foundation, Inc. v. Alba Trading Co., Inc., 127 F.2d 9, 10 (2d Cir. 1942). The test is whether substantially the same evidence will prove both the federal and nonfederal claims. Musher, id. at 10.[3]

■■ Both the federal and state statutes forbid termination of franchises under stated circumstances. Under the federal statute (15 U.S.C.A. § 1222) plaintiff will be required to show bad-faith termination by the defendant, proof of which will require a showing of some elements of actual or threatened coercion. Staten Island Motors, Inc. v. American Motors Sales Corp., 169 F. Supp. 378 (D.N.J.1959). Whatever the possible limits of the general prohibition in the state statute (General Business Law, § 197) against termination "without cause", satisfaction by plaintiff of the burden of proof under the federal statute would, at the same time, satisfy the more general requirements of the state statute. This is enough to make the doctrine of pendant jurisdiction applicable to the case at bar. Zalkind v. Sheinman, 139 F.2d 895, 900 (2d Cir. 1943).

The sole question presently before this court is whether it has jurisdiction of all of the issues raised in the complaint. That question is resolved in the affirmative. Defendant's motions are denied. So ordered.

3. The test for pendant jurisdiction since the enactment in 1948 of Title 28 U.S.C. § 1338(b) has been more liberal with respect to the actions covered by that section. Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538 (2d Cir. 1956). Section 1338(b) is not involved in the case at bar however.