Marion ROSETTE, Plaintiff,

v.

CROWN RECORD CO., Inc., Defendant.

No. 63 Civ. 3411.

United States District Court
S. D. New York.

Dec. 22, 1965.

Margulies, Heit & Rothenberg, New York City, for plaintiff, Stanley Rothenberg, Monroe E. Stein, New York City, of counsel, Albert Heit, New York City, on brief.

Zissu, Marcus & Stein, New York City, for defendant, Jerold L. Couture, New York City, of counsel, Leonard Zissu, New York City, on brief.

## MEMORANDUM

COOPER, District Judge.

This motion pursuant to Rule 12(b), F.R.Civ.P., 28 U.S.C. § 1404, and Rule 2, Rules of Practice, seeks the following relief: (1) dismissal of the complaint for lack of personal jurisdiction; (2) an order directing plaintiff to serve an amended complaint basing her claim only on acts allegedly committed in New York; (3) dismissal for improper venue; (4) dismissal of certain claims for lack of subject matter jurisdiction; (5) transfer to a more convenient forum; (6) an order directing service of copies of plaintiff's copyrighted works and extending defendant's time to answer or move.

Jurisdiction is invoked under the copyright laws of the United States, Title 17, U.S.C. § 1 et seq. and 28 U.S.C. § 1338. The parties to this action are of diverse citizenship, but the complaint does not allege the requisite amount in controversy to confer diversity jurisdiction. The complaint embraces eighty-four claims for copyright infringement of musical compositions, fifty-four of which are predicated on rights secured by federal statute while the other thirty (relating to the same compositions) are sought to be sustained on common law [1] infringement and 28 U.S.C. § 1338(b).

---

[1]. The complaint is silent as to the situs of the alleged infringement of the non-federal claims. Plaintiff's affidavit does aver, however, that copies of defendant's records were purchased in New York. (Affidavit of Marion Rosette sworn to

At oral argument on November —, 1965 movant requested withdrawal of the first three branches of this motion. Accordingly, they are considered withdrawn.

## PENDENT JURISDICTION

In essence, movant advances two arguments: (1) the Court does not have jurisdiction of the claims for common law copyright infringement under the doctrine of pendent jurisdiction, Hurn v. Oursler, 289 U.S. 238, 248, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Weissman v. Radio Corp. of America, 80 F.Supp. 612, 615 (S.D.N.Y.1948); and (2) such claims are not "related" claims within the meaning of 28 U.S.C. § 1338(b),[2] Maternally Yours v. Your Maternity Shop, 234 F.2d 538, 543, 544 (2d Cir. 1956); Wagner v. World Wide Auto. Corp., 201 F.Supp. 22, 24 (W.D.N.Y.1961).

Movant reasons that the instant case is analogous to the claim of unfair competition with respect to an *uncopyrighted* version, dismissed for want of jurisdiction in Hurn v. Oursler, supra. That contention is supported by Nikanov v. Simon & Schuster, 246 F.2d 501, 504 n. 2 (2d Cir. 1957); Note, 70 Harv.L.Rev. 1469, 1471 (1957). We observe language in *Hurn* (page 247) which impliedly, and in Weissman v. Radio Corp. of America, supra, expressly, emphasizes the factual

dissimilarity found in those cases between the copyrighted and uncopyrighted versions in contradistinction to the non-federal claim of unfair competition as it relates to copyrighted or uncopyrighted versions. However, the Court of Appeals also indicated in Nikanov v. Simon & Schuster, supra, that the statute might go beyond *Hurn*, although not, at least explicitly, so holding.

In deciding that *Hurn* does not deprive us of jurisdiction in the instant proceedings, we follow Nikanov v. Simon & Schuster, 144 F.Supp. 375, 380 (S.D.N.Y. 1956) aff'd on other grounds, 246 F.2d 501 (2d Cir. 1957); Note, 70 Harv.L. Rev. 1469, 1471 (1957).

Movant's second argument in support of pendent jurisdiction is that there is no substantial identity of proof underlying both a claim of infringement of a statutory copyright and infringement of a common law copyright even though the alleged infringements are with respect to the *same* protected work and failing that, there can be no pendent jurisdiction. At base, the argument that there is no substantial identity of proof relies on the principle that once the statutory copyright is obtained, the common law copyright in that same subject matter is lost. Latman, Howell on Copyright Law pp. 111, 112. Thus, proof of damages for infringement of the statu-

October 1, 1965 ¶ 5.) Presumably the parties will rely on the law of that jurisdiction. Compare Maternally Yours v. Your Maternity Shop, Inc., 234 F.2d 538, 540 n. 1 (2d Cir. 1956) with Blisscraft of Hollywood v. United Plastics Co., 294 F.2d 694, 697 (2d Cir. 1961). The parties have not raised any question as to the choice of law materially affecting either the decision in Nikanov v. Simon & Schuster, 144 F.Supp. 375, 379 (S.D.N.Y. 1956), infra note 2 or the basic proof generally incident to that type of action. See infra page 395.

2. Contrary to better practice the complaint does not expressly allege jurisdictional reliance on 28 U.S.C. § 1338(b) although the parties apparently assume its applicability. Section 1338(b) provides that: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined

with a substantial and related claim under the copyright * * * laws." Movant does not attempt to distinguish Nikanov v. Simon & Schuster, 144 F.Supp. 375, 379 (S.D.N.Y.1956) aff'd 246 F.2d 501, 504 n. 2 (2d Cir. 1957) insofar as the result in that case (and the cases cited therein) would lead us to deem the instant claims within the rubric of "unfair competition." This is so even though the gravamen of the allegations here goes merely to a transgression of the exclusive common law right of first publication. Moreover, even if certain non-federal claims were without § 1338(b), though not the case here, that would not foreclose federal jurisdiction; that section was not intended as an inclusive codification of the Hurn v. Oursler doctrine. See, e. g., Hazel Bishop v. Perfemme, Inc., 314 F.2d 399, 403, 5 A.L.R.3d 1031 (2d Cir. 1963); Wagner v. World Wide Auto. Corp., 201 F.Supp. 22 (W.D.N.Y.1961).

tory right (not for proof of a whole "claim" as movant would characterize it) is necessarily restricted to events occuring subsequent to the date of registration. Conversely, this would be so with respect to the claim of infringement of the common law right.

Furthermore, movant conjectures that "it could very well be that defendant manufactured and sold a record allegedly infringing the common law copyright * * * and that subsequent * * * an entirely different record which may * * * have infringed the statutory copyright was manufactured * * *." (Movant's Reply Memorandum, p. 5.)

▆ However, neither virtual identity of proof, Maternally Yours v. Your Maternity Shop, 234 F.2d 538, 543 (2d Cir. 1956); Hazel Bishop v. Perfemme, Inc., 314 F.2d 399, 403, 5 A.L.R.3d 1031 (2d Cir. 1963), nor chronological identity, Maternally Yours v. Your Maternity Shop, supra, 234 F.2d at 543, 544; O'Brien v. Westinghouse Elec. Corp., 293 F.2d 1, 12, 13 (3d Cir. 1963) is prerequisite for sustaining pendent jurisdiction. Here, as in *Nikanov*, the parties are identical and there is a substantial overlap in the evidence, because both claims originate from basically the same tortious acts. See Nikanov v. Simon & Schuster, 246 F.2d 501, 504 n. 2 (2d Cir. 1957); Plaintiff's Brief, pp. 25, 26.

Should there be substance to movant's supposition that defendant may have manufactured a different record which infringed the statutory right, that, and other like possibilities, would be relevant in showing the dissimilarity of the proof incident to each claim. Yet, on the papers now before us such dissimilarity has not manifested itself, and until it does this Court is vested with jurisdiction. See River Brand Rice Mills, Inc. v. Gen. Foods Corp., 334 F.2d 770, 773 (5th Cir. 1964).

▆ Accordingly, defendant's motion to dismiss on the ground that this Court has no jurisdiction of the subject matter of the non-statutory claims here asserted is denied without prejudice to renew.

## CHANGE OF VENUE

Movant seeks a change in venue pursuant to 28 U.S.C. § 1404. Essentially his position is that defendant's witnesses, and particularly books and records subject to discovery, are located in California. (Affidavit of Joseph Bihari sworn to July 26, 1965, ¶ 12.) On the other hand, plaintiff insists that her witnesses are located in New York, including her husband who is confined to a hospital in Pennsylvania. (Affidavit of Marion Rosette sworn to October 1, 1965, ¶¶ 7, 8.)

▆ Under § 1404(a) of Title 28 the burden is on the moving party "to make a clear-cut showing that the convenience of the parties and the interests of justice will be better served in the transferee district." Foster v. United States Lines Co., 188 F.Supp. 389, 391 (S.D. N.Y.1960).

▆ We find that on the showing before us, movant has not made out a sufficient case for transfer. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Bartlett v. Luckenback S.S. Co., 62 Civ. 146 (S.D.N.Y.); cf. Cole v. National Broadcasting Co., 64 Civ. 2729 (S.D.N.Y.).

## SERVICE OF COPYRIGHTED WORKS

▆ Movant seeks service of a new complaint to which copies of each of plaintiff's copyrighted works are attached or, in the alternative, service of said copyrighted works. Movant also requests an extension of 20 days within which to answer the complaint or move with respect thereto as enlarged by any disclosures gleaned from copies of the alleged copyrighted works.

Plaintiff does not attempt to avail herself of the "non-feasibility" proviso of Rule 2, Rules of Practice and Procedure adopted by the Supreme Court. Her affidavit indicates that the manuscripts filed with the Registrar of Copyrights will be served upon defendant's attorneys as soon as they are received. (Affidavit of Marion Rosette sworn to October 1, 1965, ¶ 8.)

Accordingly, plaintiff shall file and serve upon defendant's attorneys copies of said copyrighted works as soon as received. The defendant shall answer the complaint, or move with respect thereto as already indicated hereinabove, within twenty (20) days after the service thereof.

The instant motion is disposed of as set forth hereinabove.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.